31 C.C.P.A. (Patents)

## In re CAWLEY.

### Patent Appeals No. 4859.

Court of Customs and Patent Appeals.
May 22, 1944.

Rehearing Denied June 26, 1944.

Aloysius J. Cawley pro se.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 4, 6. 25 to 30, inclusive, 37 to 42, inclusive, and 46 in appellant's application for a patent for an alleged invention relating to an auxiliary road-engaging means which may be readily fastened to the drum of an automobile wheel, and may be expanded by the operator of the vehicle to engage the road when the vehicle is likely to skid.

360

In view of the differences in the appealed claims, it is deemed advisable to quote most of them. Accordingly, we quote claims 4, 25, 26, 27, 28, 29, 30, 37, 38, 39, and 46.

"4. A road engaging apparatus consisting of a rotatable member including a brake drum, a stationary backing plate immediately adjacent said drum, an auxiliary road engaging means mounted independently of said rotatable member, and means for making occasional contact at will with said auxiliary road engaging means while said auxiliary road enagaging means rotates in order to expand the periphery of said auxiliary road engaging means to any desired fixed degree of expansion in order to bring said auxiliary road engaging means into road engagement including a friction surface and a friction member borne upon said stationary backing plate in cooperative relation with said friction surface.

"25. A road engaging apparatus consisting of a rotatable member, an auxiliary road engaging means, and means for bringing said auxiliary road engaging means into road engagement including a wrench-engagable element adjacent to and accessible through said rotatable member.

"26. A road engaging apparatus consisting of a rotatable member, an auxiliary road engaging means and means for bringing said auxiliary road engaging means into road engagement including a large gear wheel, a plurality of small gear wheels in engagement with said large gear wheel and a wrench-engageable shaft supporting each of said small gear wheels.

"27. A road engaging apparatus consisting of a rotatable member, an auxiliary road engaging means, means for bringing said auxiliary road engaging means into road engagement and means for releasing said auxiliary road engaging means from road engagement including a wrench engagable element *accessable* through said rotatable member.

"28. A road engaging apparatus consisting of a rotatable member, an auxiliary road engaging means, means for bringing said auxiliary road engaging means into road engagement while said auxiliary road engaging means is stationary including a wrench engagable shaft accessible through said rotatable member and means for bringing said auxiliary road engaging means into road engagement while said auxiliary road engaging means rotates.

"29. A road engaging apparatus consisting of a rotatable member, an auxiliary road engaging means, means for bringing said auxiliary road engaging means into road engagement while said auxiliary road engaging means is stationary including a wrench-engagable shaft, means for bringing said auxiliary road engaging means into road engagement while said auxiliary road engaging means rotates, and means for releasing said auxiliary road engaging means from road engagement while said auxiliary road engaging means rotates.

"30. A road engaging apparatus consisting of a rotatable member, an auxiliary road engaging means, means for bringing said auxiliary road engaging means into road engagement while said auxiliary road engaging means is stationary including a wrench-engagable shaft, means for bringing said auxiliary road engaging means into road engagement while said auxiliary road engaging means rotates, means for releasing said auxiliary road engaging means from road engagement while said auxiliary road engaging means rotates, and means for releasing said auxiliary road engaging means from road engagement while said auxiliary road engaging means is stationary.

"37. A road engaging apparatus comprising a brake drum, two concentric mounting seats borne on said drum, a rotatable member mounted upon one of said seats and an auxiliary rotatable member mounted upon the other of said seats.

"38. A road engaging apparatus comprising a rotatable road engaging means, an auxiliary road engaging means including a plurality of arcuate overhanging rim sections, a plurality of special road engaging elements mounted upon said sections and means for uniformly moving said sections radially outward in order to bring said road engaging elements into road engagement.

"39. A road engaging apparatus comprising a rotatable member including a brake drum and an auxiliary road engaging means mounted upon the disk portion of said drum, said auxiliary road engaging means being independent of, juxtaposed to and free of contact with said rotatable member.

"46. A road engaging apparatus consisting of a rotatable member, an auxiliary road engaging means, and means for bringing said auxiliary road engaging means in-

to road engagement including a wrench-engagable element."

Claim 4 is illustrative of claim 6, and claim 37 is illustrative of claims 40, 41, and 42.

The references cited are: Urbanek, 1,-345,291, June 29, 1920; Force et al., 1,-488,333, Mar. 25, 1924; Schulte, 1,-572,689, Feb. 9, 1926; Finke, 2,031,257, Feb. 18, 1936; Donderer, 2,041,460, May 19, 1936; Roessel, 2,044,812, June 23, 1936; Gallagher et al., 2,079,501, May 4, 1937; Helgeson, 2,155,938, Apr. 25, 1939; Ash, 2,170,647, Aug. 22, 1939.

The patents to Urbanek, Donderer, and Gallagher et al., although cited in the record, need not be considered here, as claim 2, which was rejected by the examiner on the patent to Gallagher et al., was allowed by the Board of Appeals; claim 9, which was rejected by the examiner on the patent to Donderer, was allowed by the board; and claim 17, which was rejected by the examiner on the patent to Urbanek, was finally allowed by him as shown in his statement to the board. Furthermore, those patents are not in the record.

The Primary Examiner allowed claims 3, 7, 8, 10, 17, 20 to 24, inclusive, 35, 36, 44, and 45 in appellant's application, and the Board of Appeals allowed claims 1, 2, 5, 9, 18, 31, 32, 33, 34, and 43.

In rejecting claims 4 and 6, the Board of Appeals said: "Claims 4 and 6 are broadly drawn to an auxiliary road-engaging means mounted independently of the rotatable member and devices for expanding the periphery of said auxiliary road-engaging means to any desired fixed degree which is controlled by frictional devices. These claims have been rejected on Schulte and Force. While the auxiliary non-skidding devices of these patents can hardly be said to be mounted independently of the main traction wheel, yet in other respects the claims are met especially in Schulte who shows a set of segments which are connected and in a way expanded to engage with the road when the brake is applied and the brake being the usual friction band brake, would meet the terms of the claim calling for friction surfaces to cause movement of the non-skidding device."

It is stated in the brief of the Solicitor for the Patent Office, and correctly so we think, that the patent to Schulte is the more pertinent of the two patents cited by the board against claims 4 and 6, and that it does not disclose one of the features called for by those claims; that is, the auxiliary road-engaging means being mounted independently of the wheel.

The patent to Schulte relates to a non-skidding device for vehicles, and discloses an auxiliary ground-engaging means which is provided with an inwardly extending flange secured to the spokes of an automobile wheel. In the patentee's device a brake band, which is disposed around another band, is provided with a lever for constricting it upon the inner band. The lever may be actuated from the operator's seat through a link when it is desired to project the road-engaging means into ground engagement. The patentee states that when conditions are encountered under which skidding might occur, the road-engaging means may be expanded or projected by constricting the brake band upon the inner band by moving the lever. The patentee also discloses a spring, the location and details of which need not be here stated, which may be employed to hold the inner band normally in a clockwise direction when it is not being rotated by the brake band. When the inner band is rotated by the brake band, it acts to expand the road-engaging means into operative position.

It would seem to be obvious, as stated by the solicitor, that since Schulte's auxiliary road-engaging means is urged to a retracted position by a spring and to road-engagement position by friction exerted upon the inner band of the brake band, the frictional force applied by the brake band could be varied on the inner band to produce different degrees of projection as called for by claims 4 and 6.

It is true that the auxiliary road-engaging means in the patentee's structure is mounted on the spokes of the wheel, whereas in appellant's structure it is mounted independently of the wheel. However, if it was desired to mount the patentee's road-engaging means independently of the wheel, the flange of his auxiliary road-engaging means could be extended inwardly sufficiently to give it an independent bearing on the shaft of the wheel. Such an arrangement, we think, would be obvious to one skilled in the art, and would not produce new or unexpected results. We are unable to hold, therefore, that claims 4 and 6 are patentable over the Schulte reference.

The board rejected claims 25 to 29, inclusive, and 46 on the patent to Helgeson in view of Roessel, stating that those claims are "directed broadly to using a wrench to bring the auxiliary road-engaging means into road engagement."

It will be observed that claims 25, 27, and 28 provide, among other things, for a rotatable member, an auxiliary road-engaging means, and means for bringing the auxiliary road-engaging means into road engagement including a wrench-engagable element accessible through the rotatable member (the wheel).

It may be said that neither Helgeson nor Roessel shows a structure wherein the wrench-engagable element is accessible through the wheel. Accordingly, we are of opinion that claims 25, 27, and 28 are patentable over those references.

It will be observed that claim 26 provides, among other things, for a wrench-engagable shaft supporting each of the small gear wheels which are in engagement with a large gear wheel. The wrench-engagable shaft is for the purpose of bringing the auxiliary road-engaging means into road engagement.

The patent to Roessel discloses a pinion or small gear wheel which is enmeshed with a cam ring. One end of the shaft of the pinion is made square so that the pinion can be turned with a wrench. By turning the pinion by means of a wrench, the cam ring can be turned, forcing the cams under rollers and retracting the shoes which form the road-engaging means inwardly. The road-engaging means is locked in this position. To unlock the road-engaging means, it is necessary to turn the pinion in the opposite direction by means of a wrench. The patentee shows but one pinion for this purpose.

The patent to Helgeson, which relates to a tractor wheel having a rubber tire thereon and an operating lever, discloses an auxiliary road-engaging means comprising members which are forced into road-engaging position by pinions actuated by a common ring gear.

It was the position of the board that the shaft of one or more of the pinions in Helgeson's device could be extended outwardly and the ends of the shafts squared for engagement by a wrench, in view of the Roessel disclosure.

We have carefully examined the Helgeson patent and are unable to see how the arrangement suggested by the board would serve any useful purpose in his structure. Nor are we able to see how, if the changes suggested by the board were made, the Helgeson structure could be operated by means of a wrench alone.

As hereinbefore noted, the patent to Roessel discloses the use of a wrench for locking the road-engaging means out of operative position, as well as the use of a wrench for unlocking the road-engaging means so that it will be in operative position. Accordingly, the only substantial difference between the structure defined in claim 26 and that disclosed by Roessel is that the claim calls for a plurality of small gear wheels operable by a wrench, whereas Roessel discloses but one small gear wheel operable by a wrench.

We are of opinion that the addition of a plurality of small gear wheels operable by a wrench amounts to a mere duplication of parts, and does not involve invention in view of the Roessel disclosure. We hold, therefore, that the rejection of claim 26 was proper.

It will be observed that claim 29 provides, in combination, a wrench-engagable shaft for bringing the auxiliary road-engaging means into road engagement while the auxiliary road-engaging means is stationary, means for bringing the auxiliary road-engaging means into road engagement while the road-engaging means rotates, and means for releasing it from road engagement while it is rotating.

There is nothing in either the Helgeson or Roessel patents to suggest the structure disclosed in claim 29. Accordingly, we are of opinion that that claim is patentable.

As hereinbefore noted, claim 46 was also rejected by the board on the patent to Helgeson in view of Roessel.

It will be observed that claim 46 is very broad and reads on the Roessel disclosure; that is, it provides broadly for means for bringing the auxiliary road-engaging means into road engagement by means of a wrench-engagable element or by other means. The claim is, therefore, unpatentable over the Roessel patent.

Although the board rejected claim 46 on Helgeson in view of Roessel, it did not expressly reverse the Primary Examiner's decision holding the claim to be unpatentable over the disclosure in the patent to Roessel alone. Accordingly, our holding that the claim is unpatentable over the

disclosure in Roessel alone is not a new ground of rejection.

Claim 30 was rejected by the tribunals of the Patent Office as not reading on the elected form or species of the invention.

Claim 30 calls for "means for releasing said auxiliary road engaging means from road engagement while said auxiliary road engaging means is stationary." It is that particular means which· is not disclosed in the elected species represented by Figs. 1, 2, 3, 4, and 6 in appellant's drawings. It is disclosed, however, in Fig. 11 of appellant's drawings which shows a non-elective species. Accordingly, we think the board's rejection of claim 30 was proper.

Claims 37 and 39 to 42, inclusive, were rejected on the patents to Roessel, Ash, and Finke, the board being of opinion that they were too broad and were not patentably distinguishable from the references cited against them.

It will be observed that the language of claims 37, 40, 41, and 42 is substantially the same, and that each of those claims calls for a brake drum, two concentric mounting seats borne on said drum, a rotatable member (a wheel) mounted upon one of said seats, and an auxiliary rotatable member mounted upon the other of said seats. Accordingly, our discussion of claim 37 will apply to claims 40, 41, and 42.

Roessel discloses, in Fig. 3 of his patent, two seats, one on the side of the brake drum and the other on the inner hub member which is rigidly connected to the drum and is borne on it. Thus, it will be observed that both seats are borne on the drum. It is clear, therefore, that claims 37, 40, 41, and 42 are not patentable over the Roessel reference. Accordingly, it is unnecessary that we discuss the patents to Ash and Finke in this connection.

Claim 39 differs from claims 37, 40, 41, and 42 in that it calls for the auxiliary road-engaging means being "free of contact" with the wheel.

The Primary Examiner rejected claim 39 on the patent to Ash, and, in so doing, said that Figs. 2 and 3 of the Ash patent disclosed an auxiliary wheel secured to the side of the brake drum; .that the claim

defined the auxiliary wheel spaced from the main wheel; and that it would not amount to invention to provide a spacer, if desired, between the auxiliary and main wheels disclosed in the patent to Ash.

In its decision, the board stated that claim 39 was too broadly drawn, and was, therefore, unpatentable over Roessel, Ash, and Finke.

It is unnecessary that we discuss the Finke disclosure, as we are unable to hold that the Primary Examiner's rejection of claim 39 on Ash is not correct. Furthermore, it is obvious that the structure disclosed in Fig. 3 of the Roessel patent could be changed in the same manner as in the Ash structure, and the main wheel spaced from the auxiliary wheel. Accordingly, we are of opinion that claim 39 is unpatentable.

In his final decision rejecting claim 38, the Primary Examiner held it to be unpatentable over the disclosure in the patent to Roessel. In so doing, the examiner stated that the Roessel patent disclosed arcuate sections which might be made longer without invention, and that the other elements in the claim were found in the prior art cited.

As stated by the board, claim 38 was not discussed in the Primary Examiner's statement to the board, and the board merely stated that that claim was unpatentable over the patents to Schulte and Roessel.

We are in agreement with the views expressed by the Primary Examiner that it would not amount to invention to lengthen the rim sections of the auxiliary road-engaging means disclosed in Fig. 1 in Roessel's patent in order to make them overlap, as called for by claim 38. We are of opinion, therefore, that claim 38 is unpatentable over the patent to Roessel.

For the reasons stated, the decision of the Board of Appeals is modified, being reversed as to claims 25, 27, 28, and 29 and in all other respects affirmed.

Modified.

LENROOT, Associate Judge, sat during the argument of this case, but resigned before the opinion was prepared.